77   425
103   489

## Richmond.

## HOLLADAY, JUDGE, *v.* THE AUDITOR.

### April 26th, 1883.

1. CHANCERY COURT OF RICHMOND—*Construction of statutes—Constitutional.*—In the sense of the acts approved 7th April, 1870, 18th May, 1870, and 1st April, 1873, that court is a "city court." The last, providing that the judges of the city and corporation courts of this commonwealth shall be paid out of the treasury of their respective corporations, is constitutional, has not been repealed, and applies to the judge of the chancery court of the city of Richmond, no part of whose salary is payable out of the state treasury.

2. IDEM—*Idem.*—The nature and extent of the jurisdiction of those courts, is, of itself, no criterion whereby to determine their character as to whether they are "state" or "city courts." The constitution itself determines that.

3. STATUTES—*Repeal by implication.*—The law does not favor repeal by implication, unless the repugnance is quite plain, and then only to the extent of the repugnance.

4. CITY JUDGE—*Salary—Annual estimates—Repeal.*—The fact that the auditor has always included in his estimates and reports, an amount sufficient to pay that judge's salary, and that the legislature has always appropriated a sum in gross for the "officers of the government," out whereof the salary has always been paid, is evidence of the treasurer's disregard of the act of 1st April, 1873, but not of an intention on the part of the legislature to repeal that act. The auditor's estimates are no part of the appropriation acts of the legislature.

5. PUBLIC OFFICERS—*Services—Contracts.*—It has been decided by this court, *Loving and als.* v. *The Auditor*, 76 Va. Rep. 942, that the services rendered by public officers, do not partake of the nature of contracts, and have no affinity thereto.

On petition of Addison L. Holladay, for a writ of *mandamus* from this court, to command S. Brown Allen, auditor of public

accounts of this commonwealth, to pay out of the state treasury his salary as judge of the chancery court of the city of Richmond. This, the auditor had declined to do, on the ground that the same was payable, not out of the treasury of the state, but out of the treasury of the city of Richmond.

The facts and the positions taken are indicated in the syllabus and fully stated in the opinion of the court.

*A. M. Keiley,* for the petitioner.

*Attorney-General F. S. Blair,* for the respondent.

LEWIS, P., delivered the opinion of the court.

The question to be determined in this case is, whether any portion of the petitioner's salary, as judge of the chancery court of the city of Richmond, is payable out of the state treasury. And that depends upon the true construction of certain constitutional and statutory provisions, now to be referred to.

The constitution declares that there shall be a supreme court of appeals, circuit courts, and county courts. Article six, section one. And then, among its provisions relating to the "government of cities and towns," it further provides that "for each city and town in the state, containing a population of five thousand, there shall be elected, on the joint vote of the two houses of the general assembly, one city judge, who shall hold a corporation or hustings court of said city or town as often, and as many days in each month, as may be prescribed by law, with similar jurisdiction, which may be given by law to the circuit courts of this state, and who shall hold his office for a term of six years: provided, that in cities or towns containing thirty thousand inhabitants, there may be elected an additional judge to hold courts of probate and record, separate and apart

from the corporation or hustings courts, and perform such other duties as shall be prescribed by law." Article six, section fourteen.

In pursuance of authority thus conferred, the legislature, by act approved April 7, 1870, established the chancery court of the city of Richmond, and defined its jurisdiction. By an act approved May 18, 1870, the compensation of the judges of the several courts of the commonwealth was fixed; and by the same act, after fixing the salaries of the judges of the supreme court of appeals, the circuit courts and county courts, it was provided, that "the judges of the city and corporation courts shall receive the following annual salaries, respectively: the judge of the hustings court of Richmond, the sum of two thousand three hundred dollars; the judge of the probate or chancery court of the city of Richmond, the sum of two thousand three hundred dollars; the city judge of Norfolk, the sum of two thousand dollars;" and so on in respect to all the judges of the city or corporation courts in the state. It was also provided that the salaries of *all* the judges should be paid quarterly out of the treasury of the state. Acts of Assembly, 1869–70, page 114, &c. But afterwards, by an act entitled "an act providing for the pay of city and corporation judges," approved April 1, 1873, and which expressly repeals all inconsistent acts, it was enacted that "the judges of the city and corporation courts of this commonwealth shall be paid out of the treasury of their respective corporations. Acts of Assembly, 1872–3, p. 331; Code 1873, ch. 13, section 13.

It is under the provisions of this act that the attorney-general contends that no part of the compensation of the judge of the chancery court of the city of Richmond is payable out of the state treasury. The counsel for the petitioner, however, insists that the act cannot be held to apply to the judge of that court, and for these reasons: 1. Because he is not the judge of a city court. 2. Because if it was originally intended to so apply, its

uniform construction to the contrary, by both the executive and legislative branches of the government since its passage, operates as an implied repeal of the act. And 3. If not repealed, then so far as its terms may extend to this case it is unconstitutional and void.

First. It is plain, we think, from the language of the constitution, already quoted, that the design of its framers was to establish city courts to be held by city judges. By it the legislature is empowered to elect for each city or town containing a population of five thousand, "one city judge" to hold the corporation or hustings court, with similar jurisdiction to that of the circuit courts, and in cities containing thirty thousand inhabitants an additional judge to hold the court of probate and record, and to perform such other duties as may be prescribed by law. The judges of both courts stand upon the same footing and are included in the same category. One of them is expressly designated as a "city judge," and the other as an additional judge for a city containing thirty thousand inhabitants. It is manifest, therefore, that the nature and extent of the jurisdiction of those courts is, of itself, no criterion by which to determine their character or that of the judges chosen to hold them. That must be determined by reference to the constitution itself, and not by the duties which, under its authority, are imposed upon them. The right of the people, speaking through the constitution, to create city courts and to empower the legislature to impose upon them such duties as in its wisdom it may see fit to prescribe by law, is undeniable. And our conclusion is that such is the character of the chancery court of the city of Richmond; that it was appropriately so classified by the act of the legislature approved May 18, 1870, and that the judge thereof is embraced within the terms of the act of April 1, 1873 (*supra*).

Second. But it is contended that the latter act has been repealed, not expressly, but by implication.

There is no doubt that a statute may be repealed by implica-

tion as well as expressly, but the leaning of the courts is against the doctrine. In *Fox's adm'rs* v. *The Commonwealth*, 16 Gratt. 1, Judge Moncure, speaking for the court, said: "The law does not favor a repeal by implication, unless the repugnance be quite plain, and then only to the extent of such repugnance. The presumption is that the legislature, when it entertains an intention, will express it in clear and explicit terms; and it is generally to be taken that the legislature only meant to modify or repeal the provision of any former statute in those cases where such its object is expressly declared."

Now, by the conceded facts of this case, it falls within the settled rule thus stated by Judge Moncure. They are these: That from the foundation of the chancery court, the auditor has invariably included in his annual estimates and reports to the legislature an amount sufficient for the payment of the chancellor's salary, and that the legislature, while not appropriating specifically any sum for the payment of his salary, has uniformly appropriated a sum in gross for the "officers of government," out of which the salary has always been paid without question, at the treasury, until the recent refusal of the respondent to pay the petitioner his salary for the month of March last.

This is certainly conclusive evidence of a disregard by the treasury officials of the act of April 1, 1873, but affords no such evidence of an intention on the part of the legislature to repeal it as to justify us in holding that it has been repealed. The estimates of the auditor are no part of the appropriation acts of the legislature, and to give to them the effect contended for in this case, would be to announce a doctrine unsupported by any authority to which we have been referred, or of which we are aware. We must give to the act, then, the full force and effect designed by the legislature, unless the third and last position assumed by the petitioner is well taken.

Third. It is contended that the act cannot be applied to this case, first, because, to do so would impair the obligation of the

contract between the petitioner, on the one hand, and the state on the other; and second, because the legislature has no power to impose upon the city of Richmond alone, the burden of maintaining a court clothed with the jurisdiction of the chancery court.

It is difficult to see upon what legal principle the theory of a contract can be established in this case. The argument of the learned counsel is, that the petitioner presumably accepted, and entered upon the discharge of the duties of his office of judge, relying on the continued payment of his salary out of the state treasury as in the case of the predecessor. But the obvious answer to this proposition is twofold. First, that the legal presumption is that the petitioner accepted the office with knowledge of the constitutional provision that "no money shall be paid out of the state treasury except in pursuance of appropriations made by law," and of the existence of the statute which provides that "the judges of the city and corporation courts shall be paid out of the treasury of their respective corporations." And secondly, that the services rendered by public officers do not partake of the nature of contracts, and have no affinity thereto. This was decided by this court, at its last November term, in the case of *Loving and others* v. *The Auditor*, 76 Va. R. 942. And to the same effect is the case of *Butler and others* v. *The State of Pennsylvania*, 10 Howard, 402, and cases cited. It is true that the legislature cannot diminish the compensation of the judges during their term of office. But this is because of the express inhibition of the constitution, and not because to do so would impair the obligation of a contract. Cooley's Const. Lim. (4th ed.) 336. Here it is not complained that the petitioner's salary has been or will be diminished; the only question is, whether it is payable by the state.

The ground upon which the constitutionality of the act is assailed is sufficiently disposed of by what has already been said

in respect to the character of the chancery court.   It is only necessary to say further that the power of the legislature under the constitution to prescribe the compensation of the judges of the city courts of the commonwealth, and to direct its payment by their respective corporations, is too plain to admit of doubt.

We think the act is constitutional and valid, and as its terms forbid the payment of any part of the petitioner's salary out of the state treasury, it follows that the rule awarded in this case must be discharged.

MANDAMUS DENIED.